1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION. | Case No.  1:13-mc-00032-SKO |
| Petitioner, | **ORDER ENFORCING SUBPOENAS** |
| v. | (Docket No. 1) |
| AYALA AG SERVICES, | |
| Respondent. | |
| _____/ | |

## I.    INTRODUCTION

On July 8, 2013, Petitioner Equal Employment Opportunity Commission ("Petitioner" or "EEOC") filed a Petition for Application to Show Cause Why Its Subpoenas Should Not Be Enforced.  (Doc. 1.)  On July 10, 2013, the Court issued an Order to Show Cause Why the EEOC's Subpoenas Should Not Be Enforced ("OSC"), ordering that Respondent file and serve an answer or response by September 11, 2013, and appear in Court on September 25, 2013.   (Doc. 2.) Respondent failed to file a response.

A hearing was held on September 25, 2013, before Magistrate Judge Sheila K. Oberto. Counsel for the EEOC appeared, and a former employee of Respondent was present for the single purpose of informing the Court that Respondent was purportedly out of business.  (Doc. 4.)

For the reasons set forth below, the EEOC's application for an order to enforce its subpoenas is GRANTED.

## II.   BACKGROUND

The EEOC asserts that it is currently investigating charges filed against Respondent under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended , 42 U.S.C. § 2000e, *et seq*. (Doc. 1-1, 1:21-23.)   Two of Respondent's former employees filed charges (the "Charging Parties") against Respondent for discrimination based on sexual harassment by a supervisor and for retaliation for terminating their employment after complaining about the harassment.  (Doc. 1-1, 1:24-26.)

After the Charging Parties filed the charges, the EEOC began its investigation and issued several Requests for Information ("RFIs") to Respondent seeking information related to the Charging Parties' allegations.  (Doc. 1-1, 2:19-3:2.)  The EEOC issued RFIs to Respondent on August 1, 2012, September 7, 2012, November 16, 2012, and December 20, 2012.  (Doc. 1-1, 3:3-10.)  Despite being given extensions by the EEOC to respond, Respondent failed to provide the requested information. (Doc. 1-1, 3:5-11.)

Accordingly, on January 8, 2013, the EEOC issued two subpoenas, one for each Charging Party, with a due date of January 23, 2013.  (Doc. 1-1, 3:12-14.)  The subpoenas sought information in three categories: (1) documents and information pertaining to the Charging Parties, their complaints of discrimination, Respondent's response to their complaints, and witnesses to the events; (2) documents and information regarding Respondent's policies, procedures, and training pertaining to sexual harassment; and (3) documents and information pertaining to other employees who started working at the same time as the Charging Parties and/or experienced the same problems. (Doc. 1-1, 3:14-4:3.)

On January 23, 2013, the EEOC left a phone message for Respondent's General Manager inquiring as to the status of the pending subpoenas.  The EEOC states that, to date, Respondent has not responded to the EEOC, has failed to provide any of the information sought by the subpoenas, and has not petitioned to modify or revoke the subpoenas. (Doc. 1-1, 4:4-8.)

The EEOC filed the instant petition on July 8, 2013.  (Doc. 1.)  On July 10, 2013, the Court issued an "Order to Show Cause Why the EEOC's Subpoenas Should Not be Enforced," ordered that the EEOC serve Respondent with the OSC by August 26, 2013, Respondent file and serve an

answer or response by September 11, 2013, and Respondent appear in Court on September 25, 2013.  (Doc. 2.)  On September 9, 2013, the EEOC filed a Notice of Service setting forth that Respondent was personally served on August 26, 2013.  (Doc. 3.)  Respondent did not file a response.

On September 25, 2013, a hearing on this matter was held before Judge Oberto.  Rumduol Vuong**,** counsel for the EEOC appeared at the hearing.  Johnny Pena, a former employee of Respondent was present.  (Doc. 4.)  Mr. Pena informed the Court that Respondent was out of business.

### III.     DISCUSSION

**A.     Mr. Pena Cannot Represent Respondent's Interests**

Although Mr. Pena, purportedly a former employee of Respondent, was present at the September 25, 2013, hearing, he cannot represent the interests of Respondent.

Respondent appears to be a business entity.  As such, Respondent is required to obtain counsel.  "[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 829 (1824).  All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202.  Additionally, Rule 183(a) of the Local Rules for the United States District Court, Eastern District of California provides that "[a] corporation or other entity may appear only by an attorney."  Mr. Pena informed the Court that he was not an attorney, and thus he cannot represent a business entity.

Further, even if Respondent is not a business entity and is, for example, a sole proprietorship and would be able to appear in federal court without counsel, Mr. Pena would still be unable to represent Respondent's interests.  In federal courts, "parties may plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."  *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  Section 1654 authorizes only "two types of representation: 'that by an attorney admitted to

the practice of law by a governmental regulatory body and that by a person representing himself.'"

*Berrios v. New York City Hous. Auth*., 564 F.3d 130, 132 (2d Cir. 2009) (quoting *Lattanzio v. COMTA,* 481 F.3d 137, 139 (2d Cir.2007)).   While parties have the right to plead and conduct their own cases, they "may not delegate that duty to any other individual."  Local Rule 183(a).

Here, Mr. Pena is neither an attorney nor a person representing himself; he is simply Respondent's former employee.  Thus, he does not fulfill the requirements under Section 1654 for representing Respondent's interests in federal court, and Respondent may not delegate the duty to Mr. Pena.

**B.      The EEOC Has Shown That Its Subpoenas Should Be Enforced**

**        1.      Legal Standard**

The scope of the judicial inquiry in an EEOC or any other agency subpoena enforcement proceeding is quite narrow.  The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation.   *E.E.O.C. v. Fed. Exp. Corp*., 558 F.3d 842, 848 (9th Cir. 2009).  If Petitioner establishes these factors, the subpoena should be enforced unless Respondent can prove that the inquiry is unreasonable because it is overbroad or unduly burdensome.  *United States v. Chavez*, No. 1:08CV0937 LJO DLB, 2008 WL 4218502, at *1 (E.D. Cal. Sept. 8, 2008) (citing *E.E.O.C. v. Children's Hosp. Med. Ctr. of N. Cal.,* 719 F.2d 1426, 1428 (9th Cir. 1983) (overruled on other grounds)).

**        2.      The EEOC Has the Authority to Investigate and Issue Subpoenas in this Matter**

Title VII proscribes various employment practices involving discrimination on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. §§ 2000e-2, 2000e-3.  The EEOC bears the "[p]rimary responsibility for enforcing Title VII."   *Fed. Exp. Corp*., 558 F.3d at 849 (citing *EEOC v. Shell Oil Co*., 466 U.S. 54, 61-62 (1984)).  "Once the charge is filed, '[t]he EEOC is then *required* to investigate the charge and determine whether there is reasonable cause to believe that it is true.'"  *Id*. (citing *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 359 (1977)).  As such, the

EEOC has the authority to issue administrative subpoenas and to request judicial enforcement of those subpoenas. *Id*. (citing 42 U.S.C. § 2000e-9; *Shell Oil Co.,* 466 U.S. at 63).

Here, the Charging Parties filed charges of discrimination against Respondent. Accordingly, the EEOC is required to investigate these charges, and has the authority to issue subpoenas in the course of its investigation.

**3.    The EEOC Followed Procedural Requirements**

A subpoena that is judicially enforceable requires a valid charge and must be procedurally valid. *Shell Oil Co.,* 466 U.S. at 65.  A valid charge must contain the following:

(1)    The full name, address and telephone number of the person making the charge;

(2)    The full name and address of the person against whom the charge is made, if known;

(3)    A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices;

(4)    If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and

(5)    A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. § 1601.12(a).  Additionally, a charge is sufficient when the EEOC receives from the person making the charge a written statement sufficiently precise that identifies the parties and describes the general allegations. *Id*. at § 1601.12(b).  An EEOC subpoena must "state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested." *Id*. at § 1601.16(a).

The charges from the Charging Parties include their names and contact information as well as their employers' information, the approximate number of employees, and a statement of facts with dates alleging the unlawful employment practices.  (Doc. 1-2, Vuong Decl. ¶ 5, Exhs. A. B.)  Therefore, the charges satisfy the above requirements for a valid charge.  Further, the EEOC's subpoenas state the name and address of the agency issuing the subpoena, identify the Respondent

1  as the party subpoenaed, and identify with specificity the documents and information to be

2  produced and the time and place of production.  (Doc. 1-2, Vuong Decl. ¶ Exhs. D, E.)  As such,

3  the EEOC has established that its subpoenas meet the procedural requirements of an enforceable

4  subpoena.

5        **4.**      **The EEOC Seeks Information that is Relevant and Material to the**

6              **Investigation**

7       Relevancy during an EEOC investigation is "'generously construed' to 'afford[ ] the

8  Commission access to virtually any material that might cast light on the allegations against the

9  employer.'"  *Fed. Exp. Corp*., 558 F.3d at 854 (citing *Shell Oil Co*., 466 U.S. at 68-69).  Title VII

10  grants the EEOC broad investigatory powers to seek "any evidence of any person being

11  investigated or proceeded against that relates to unlawful employment practices covered by [Title

12  VII] and is relevant to the charge under investigation."  42 U.S.C.A. § 2000e-8(a).  "Relevancy is

13  determined in terms of the investigation rather than in terms of evidentiary relevance."  *Fed. Exp.*

14  *Corp*., 558 F.3d at 854.  The subpoena must seek information that is "relevant and material *to the*

15  *investigation*."  *Id*. (citation omitted).

16       Enforcement of an EEOC administrative subpoena is not contingent upon some threshold

17  quantum of proof that the underlying charge is meritorious.  "[T]he [EEOC] may insist that the

18  employer disgorge any evidence relevant to the allegations of discrimination contained in the

19  charge, regardless of the strength of the evidentiary foundation of those allegations."  *Shell Oil*

20  *Co.*, 466 U.S. at 72; *see also EEOC v. Chrysler Corp.*, 567 F.2d 754, 755 (8th Cir. 1977)

21  ("[r]easonable cause for finding a Title VII violation need not be established before an

22  administrative subpoena may be validly issued").  Instead, the function of an investigative

23  subpoena is to establish whether there is reasonable cause for the allegations of discrimination.

24  *Chrysler Corp.*, 567 F.2d at 755.

25       The Charging Parties claim they were subject to discrimination and retaliation.  In its

26  investigation of these claims, the EEOC seeks three general categories: (1) documents and

27  information pertaining to the individual charging parties and their employment with Respondent;

28  (2) Respondent's policies, training, and procedures for sexual harassment and retaliation; and

1   (3) information regulating potential comparators, witnesses, and other victims of

2   harassment/retaliation.  (Doc. 1-1, 8:15-18.)  These categories of documents are relevant to the

3   charges alleged by the Charging Parties.

4        **5.       Respondent Waived the Right to Challenge the Subpoenas**

5        If a respondent does not intend to comply with the subpoena, it must petition the EEOC to

6   revoke or modify the subpoena within five business days of service.  29 C.F.R. § 1601.16(b)(2).

7   Failure to make any effort to comply with this administrative appeal procedure precludes a party

8   from challenging the subpoena, except on constitutional grounds.  *EEOC v.Cuzzens of Georgia,*

9   *Inc.*, 608 F.2d 1062, 1063-1064 (5th Cir. 1979); *see also E.E.O.C. v. Cnty. of San Benito*, 818 F.

10  Supp. 289, 290 (N.D. Cal. 1993) ("any petition to revoke or modify the subpoena must be filed

11  within five days of service").

12       Respondent was served with the subpoenas by certified mail on January 8, 2013.  (Doc.

13  1-2, Vuong Decl. ¶ 5, Exhs. D, E.)  Respondent received the subpoenas on January 14, 2013.

14  (Doc. 1-2, Vuong Decl. ¶ 5, Exhs. D, E.)  Respondent did not seek to challenge the subpoenas

15  within the five-day period as required, nor at any time after that point.  The five-day period to

16  challenge the subpoenas has long since passed and any attempt to administratively challenge the

17  subpoenas is barred.

18       Further, Respondent has not shown that complying with the subpoenas would be unduly

19  burdensome.  *See EEOC v. United Air Lines*, 287 F.3d 643, 653 (7th Cir. 2002); *EEOC v.*

20  *Maryland Cup. Corp.*, 785 F.2d 471, 476 (4th Cir. 1986).  Respondent was served with the

21  Court's OSC on August 26, 2013.  (Docs. 2, 3.)  The Respondent did not respond to the Court's

22  OSC regarding the instant petition and has made no showing challenging the EEOC's subpoenas.

23       As such, Respondent has waived its right to challenge the subpoenas.[1]

24       For the reasons set forth above, the EEOC's petition to enforce its subpoenas is

25  GRANTED.

26  _____

27  [1] To the extent that Respondent intended to challenge the subpoenas by having Mr. Pena present at the September 25, 2013, hearing and informing the Court that Respondent was out of business, as discussed above, Mr. Pena cannot represent Respondent's interests.  Further, Respondent has not submitted proof that it is out of business and, presumably, was in business when the EEOC first issued the subpoenas.  There is no reason for the Court to presume that the records sought by the EEOC no longer exist or that Respondent could not provide them.

28

1

### IV.   CONCLUSION AND ORDER

2      Accordingly, IT IS HEREBY ORDERED that:

3      1.      The EEOC's petition for an order to enforce its subpoenas is GRANTED;

4      2.      The EEOC shall personally serve a copy of this order on the Agent for Service of

5              Respondent Ayala AG Services and file a Proof of Service with this Court within

6              five (5) days after service is completed;

7      3.      Within ten (10) days after being served, Respondent Ayala AG Services shall

8              produce the outstanding documents requested in the EEOC's subpoenas to the Los

9              Angeles office of the EEOC, 255 East Temple Street, 4th Floor, Los Angeles,

10             California 90012; and

11     4.      Respondent is cautioned that failure to comply with this order may result in the

12             issuance of sanctions, including contempt sanctions.

13

14

15 IT IS SO ORDERED.

16     Dated:   **October 15, 2013**                           **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

8